IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Dakari Osiris Ayise,<br><br>    Petitioner,<br> v.<br><br>United States of America,<br><br>    Respondent. | Case No. 9:22-cr-517-RMG-2<br><br>**ORDER** |

  This matter comes before the Court on Respondent's motion to dismiss Petitioner's habeas petition brought pursuant 28 U.S.C. § 2255. (Dkt. No. 112-2). Petitioner was provided a Roseboro Order on May 27, 2025, advising him that he had 34 days to respond to Respondent's motion to dismiss and a failure to respond to the motion to dismiss could result in the Court granting the motion to dismiss and entering judgment against Petitioner. (Dkt. No. 114). Petitioner did not file a response to Respondent's motion to dismiss.

**Factual Background**

  Plaintiff pled guilty on October 19, 2022 to Felon in Possession of a Firearm and Ammunition following an traffic stop in which Plaintiff, a convicted felon, admitted he was in possession of a Glock 22 pistol with a magazine with 16 live rounds and a stolen Smith and Wesson rifle with a magazine with 29 live rounds and one round in the chamber. (Dkt. No. 83 at 4-5). The Presentence Report included a summary of a pending charge of Attempted Murder and Possession of a Weapon During a Violent Crime, which included a statement that Petitioner admitted "shooting at the victim" and being in a car involved in a drive by shooting. (*Id*. at 11). Petitioner had no objections to the Presentence Report. (Dkt. No. 109 at 3).

1

The Presentence Report provided a guideline range of 33-41 months and a statutory sentencing range of 0-10 years. (Dkt. No. 83 at 15). The Court provided Petitioner notice prior to sentencing that it was considering an upward variance from the sentencing guidelines. (Dkt. No. 86). After conducting a full sentencing hearing and considering arguments of counsel, the Court sentenced Petitioner on April 25, 2023 to 60 months incarceration. (Dkt. No. 88). The Court explained that Petitioner's upward variance sentence of 60 months was determined after carefully considering the sentencing factors under 18 U.S.C. § 3553(a). The Court noted, in particular, the dangerousness of Defendant's conduct in carrying two loaded firearms with active ammunition and his participation in a subsequent shooting incident in which he admitted unlawfully possessing a firearm and shooting at a victim. (Dkt. No. 109 at 19-20).

Petitioner filed no appeal. His sentence became final on May 8, 2023. Petitioner filed his § 2255 petition on April 7, 2025, almost two years after his sentence was imposed. Respondent moved to dismiss the petition as untimely because of Petitioner's failure to file his habeas petition within one year after his conviction, as required under 28 U.S.C. § 2255(f)(1). (Dkt. No. 112-2). Respondent further argued that Petitioner was not entitled to equitable tolling because he had not provided evidence of diligently pursuing his rights or any extraordinary circumstances that prevented him from timely filing his petition. (*Id*. at 7-9).

## Legal Standards

A. <u>Motion to Dismiss</u>

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain

statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

B. Statute of Limitations and Equitable Tolling

An application for habeas relief under 28 U.S.C § 2255 must be submitted within one year of the completion of direct review of a defendant's federal conviction, 28 U.S.C. 2255(f)(1). The one-year limitation period is also subject to equitable tolling under certain very limited circumstances, upon a showing by the petitioner that his federal habeas petition was delayed due to (1) extraordinary circumstances; (2) beyond his control or external to his own conduct; and (3) which prevented petitioner from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The Fourth Circuit has made it clear that equitable tolling should be "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be

unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.

## Discussion

Petitioner's filing of his § 2255 petition was clearly untimely. The only question is whether Petitioner has offered sufficient evidence that he diligently pursued his rights and that some extraordinary circumstance prevented his timely filing. Petitioner has offered no evidence that he was diligently pursing his rights under § 2255. Petitioner § 2255 claims are based on the alleged failure of his attorney to advise him that he could be sentenced above the guideline range and the Court's reference at sentencing to the 2022 shooting incident which occurred after the 2020 arrest which led to his federal indictment. Petitioner was fully aware on the date of his sentencing of these issues and yet filed no appeal and failed to file his § 2255 petition nearly two years after his sentencing.

Petitioner further asserts that his filing was delayed by his continued state detention on pending state charges and transit to his Bureau of Prisons facility. It is well settled, however, that time in state custody and transit time to a federal facility do not constitute extraordinary circumstances for equitable tolling. *See United States v. Dawkins*, 2015 WL 11121526 (D.S.C. 2015); *Savis v. United States*, 2012 WL 112293 at *4 (D.S.C. 2012).

## Conclusion

Based on the foregoing, the Court finds that Petitioner's § 2255 petition was untimely, and Petitioner has failed to demonstrate reasonable diligence and extraordinary circumstances to support equitable tolling. Respondent's motion to dismiss is **GRANTED**.

**Certificate of Appealability**

The governing law provides that:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

    **AND IT IS SO ORDERED.**


    s/ Richard Mark Gergel
    Richard Mark Gergel
    United States District Judge

July 2, 2025
Charleston, South Carolina